IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAM J. PEARSON, IV.,
    Plaintiff,

vs.                                     Case No. 3:10cv348/MCR/EMT

JOYCE H. WILLIAMS, et al.,
    Defendants.
_____/

**O R D E R**

Plaintiff, a non-prisoner proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed in forma pauperis (Docs. 1, 2).

First, the court notes that in the affidavit of financial status attached to the motion for leave to proceed in forma pauperis Plaintiff indicates that he makes monthly payments on his debts of $900.00. Plaintiff only reports $800.00 in monthly income, however. Plaintiff therefore shall be required to file an amended motion to proceed in forma pauperis and affidavit explaining, in greater detail, his income and his debts and how his monthly outgo can exceed his identified monthly income. Plaintiff should also identify with particularity to whom each debt is owed, rather than simply stating "credit card."

Second, the court notes that Plaintiff has failed to use the court-approved form for filing his complaint. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a civil action commenced by pro se litigants under 42 U.S.C. § 1983 unless the appropriate complaint form has been properly completed, signed, and filed by the litigant. Thus, Plaintiff must file his complaint on the form for use in section 1983 cases, even if he wishes to attach separate pages explaining the facts that underlie the complaint.

If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are

responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **DENIED**, without prejudice.

2. The clerk of court is directed to send Plaintiff a copy of the form for non-prisoner pro se parties to request leave to proceed in forma pauperis and a civil rights complaint form for use by non-prisoners in actions under 42 U.S.C. § 1983. This case number should be written on both forms.

3. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Amended Complaint." Within the same period, Plaintiff shall file a properly completed amended motion for leave to proceed in forma pauperis or, alternatively, submit the filing fee of $350.00.

4. Plaintiff's failure to comply with this order may result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 16th day of September 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**