IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAM J. PEARSON, IV,
    Plaintiff,

vs.                                    Case No. 3:10cv348/MCR/EMT

JOYCE H. WILLIAMS,
    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner who proceeds pro se, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Now before the court is Plaintiff's second amended complaint (Doc. 18).[1] Leave to proceed in forma pauperis has been granted (Doc. 15).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

---

[1] Plaintiff has also filed a satisfactory response to the court's order issued January 19, 2011, to show cause why this action should not be dismissed for failure to timely file a second amended complaint (see Docs. 16, 17).

Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Such acceptance should not be given blindly, however; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[2] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the second amended complaint, the court concludes that dismissal of this action is warranted.

Plaintiff names one Defendant in this action: Escambia County Judge Joyce H. Williams. According to the allegations of the second amended complaint, in September 2009 Judge Williams was assigned to a misdemeanor case filed against Plaintiff in Escambia County, Florida (Doc. 18 at 3).[3] During the course of the case, Plaintiff asserts, he "routinely challenged the court's

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[3] Plaintiff identifies the case as "#2009 mm 023355 A" (Doc. 18 at 3), although he fails to identify the nature of the charges in that case. Review of the Escambia County Clerk of Court's website, for Case No. 2009 MM 023355 A, reflects the following: on May 26, 2009, Plaintiff was charged with selling liquor without a license, operating a bottle club without a license, and keeping a house of ill fame; on September 10, 2010, Plaintiff pleaded nolo contendere or guilty to the first and third charges, and the second charge was nolle prossed. *See* website of Escambia County Clerk of Court, www.escambiaclerk.com/xml/xml.asp?ucase_id=26898946 (last visited February 15, 2011).

Case No: 3:10cv348/MCR/EMT

jurisdiction," but Judge Williams "refused to allow any findings of fact or conclusions of law regarding [his] numerous challenges." Judge Williams also ordered the confiscation of Plaintiff's audio recorder in the courtroom, refused to allow video recordings of the proceedings, refused to allow non-licensed counsel to participate in his trial, and refused to recuse herself from the case (*id.*). On September 10, 2010, Plaintiff entered a plea of nolo contendere to the charges. Judge Williams sentenced Plaintiff to a term of sixty (60) days in jail, but she refused to appoint counsel for Plaintiff to assist with any appeal (*id.*). Also, although Plaintiff initially was placed in a work-release program, Judge Williams revoked this placement, without issuing a written order, and directed that Plaintiff be taken into custody (*id.*). According to Plaintiff, his sentence is "now complete" (*id.* at 3).[4] Asserting that Judge Williams' rulings denied him due process, denied him the assistance of counsel, and deprived him of "life and liberty" (*id.* at 4), Plaintiff seeks monetary damages, an injunction "disqualifying Judge [sic] from any future proceedings involving Plaintiff," declaratory relief "as deemed appropriate," and the costs of this litigation (*id.*).

Under the favorable-termination rule announced in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), Plaintiff's claims against Judge Williams should be barred. In <u>Heck</u>, the Supreme Court stated that an action under § 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. Absent such an invalidation, the § 1983 suit must be dismissed. Here, there is no allegation or suggestion that the convictions which are the subject of this action have been reversed, expunged, or otherwise declared invalid. Accordingly, Plaintiff may not obtain a ruling in this court that Judge Williams violated his constitutional rights to counsel and due process because those claims, if successful, would imply the unlawfulness of Plaintiff's convictions.[5] Based on the failure to state a claim for relief, dismissal of Plaintiff's claims against

---

[4] It is unclear how long Plaintiff was actually incarcerated in connection with the charges at issue in this action, but the initial complaint indicates that at the time he initiated this action he was not in custody (*see* Doc. 1 at 2, 6).

[5] As noted above, although Plaintiff did not identify the offenses of which he was convicted, it appears those offenses were for selling liquor without a license and keeping a house of ill fame. *See* n.3, *supra*.

Case No: 3:10cv348/MCR/EMT

Judge Williams therefore is warranted pursuant to § 1915(e)(2)(B)(ii).

Even if Heck were not applicable to this case, however,[6] Plaintiff's claims are due to be dismissed. With respect to any monetary damages Plaintiff may seek against Judge Williams in her official capacity, such claims are barred by the Eleventh Amendment. It is well established that the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against Judge Williams to the extent she is sued in her official capacity. Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Gamble v. Florida Department of Heath and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986). Therefore, no claim for monetary damages against Judge Williams in her official capacity is available.

Additionally, Plaintiff cannot maintain an action for monetary damages against Judge Williams in her individual capacity because a judge acting in her judicial capacity is absolutely immune from suits for monetary damages. *See* Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 2815–16, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); *see also* Sun v. Forrester, 939 F.2d 924, 925–26 (11th Cir. 1991). This immunity applies to claims for nominal damages. Simmons v. Conger, 86 F.3d 1080, 1084–85 (11th Cir. 1996). Immunity may be overcome only (1) where the judge has not acted within her judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1104–05, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct.

---

[6] Because Plaintiff is not currently in custody and thus has no federal habeas corpus remedy available to him, Heck arguably would not present a procedural bar to his claims. *See*, *generally,* Gray v. Kinsey, 2009 WL 2634205 (N.D. Fla. 2009) (report of magistrate judge discussing at length Heck's favorable-termination requirement as applicable to traffic conviction which had not been invalidated, but concluding that Heck barred plaintiff's civil rights claims), order adopting magistrate judge's report, 2009 WL 3157687 (N.D. Fla. 2009).

Case No: 3:10cv348/MCR/EMT

538, 544, 98 L. Ed. 2d 555 (1988). Whether an act by a judge is a "judicial" one relates to the nature of the act itself—in other words, "whether [the act] is a function normally performed by a judge"—and "to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 11 (citing Stump, 435 U.S. at 362); *see also* Simmons, 86 F.3d at 1085. The relevant inquiry is the "nature" and "function" of the act, not the "act itself." Mireles, 502 U.S. at 13 (citing Stump, 435 U.S. at 362). In short, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action she took was in error, was illegal, was done maliciously, or was in excess of her authority. Stump, 435 U.S. at 355-357; *see also* Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when she acted in clear absence of all jurisdiction, and knew or must have known that she was acting in such a manner. Simmons, 86 F.3d at 1084–85 (citing Stump, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which she presides. Dykes, 776 F.2d at 946–47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Harper v. Merckle, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded her jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. Stump, 435 U.S. at 357 (quotation omitted).

In the instant case, the conduct of which Plaintiff complains regarding Judge Williams involves functions normally performed by a judge. Furthermore, as Plaintiff was a party in the case over which Judge Williams presided, he dealt with Judge Williams in her judicial capacity. Moreover, the facts do not suggest that Judge Williams acted in the complete absence of all

jurisdiction. Thus Judge Williams is entitled to absolute immunity for monetary damages. Accordingly, Plaintiff's claims for monetary damages against Judge Williams should be dismissed pursuant to § 1915(e)(2)(B)(iii).

Furthermore, Plaintiff is not entitled to an injunction or declaratory judgment. "In order to receive declaratory or injunctive relief, plaintiff[ ] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." Bolin v. Story, 225 F.3d 1234, 1242–43 (11th Cir. 2000). Regardless of whether Plaintiff could establish the existence of a constitutional violation and a risk of continuing irreparable injury—a highly doubtful proposition, based on the allegations of his complaint—he cannot establish the third requirement. Specifically, whether he has done so or not, Plaintiff had the option of appealing his convictions to the appropriate state appellate court(s). Because an adequate remedy at law was available to Plaintiff, he is not entitled to declaratory or injunctive relief in the instant case. *See id.* Accordingly, as Plaintiff has failed to state a viable claim for injunctive and declaratory relief against Judge Williams, such claims are subject to dismissal.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for the failure to state a claim for relief and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

At Pensacola, Florida this 16th day of February 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

  **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**